# CONNOLLY LAW

◀━━━━━━━━━▶

| | | |
|---|---|---|
| ONE BATTERY PARK PLAZA | (212) 372-7333 | 686 HILL STREET |
| 32ND FLOOR | (917) 971-7788 (MOBILE) | SOUTHAMPTON, NY 11968 |
| NEW YORK, NY 10004 | ———————— | |
| | kconnolly@connollylaw.us.com | |
| | kerry.connolly@gmail.com | |

Application granted.

August 29, 2021

SO ORDERED.

_____
Hon. Ronnie Abrams

<u>VIA ECF</u>
Hon. Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square, Room 2203
New York, NY 10007

Re:  *Savor Health, LLC v. Andrea Day*; Dkt. No. 19-cv-09798

 Dear Judge Abrams:

     I am counsel to Andrea Day, defendant-counterclaim and third-party plaintiff.  I respectfully submit this letter motion, pursuant to Fed. R. Civ. P. 6, to request the Court to accept Ms. Day's opposition to the motion of Savor Health LLC and Susan Bratton, for judgment on the pleadings, that was filed 3 hours and 48 minutes beyond the due date of August 23, 2021, at 3:48 a.m. on August 24, 2021 (Dkt. 74, 75).

     As an initial procedural matter, this motion is addressed to Your Honor because the Rule 12(c) motion is a dispositive one, and so will be decided by Your Honor.  Moreover, Your Honor granted the adjournment of Ms. Day's opposition to August 23rd (Dkt. 72).

     Nonetheless, counsel for Savor and Bratton have apparently objected to this *de minimis* delayed filing in a letter to Magistrate Judge Fox (Dkt. 77) regarding discovery.  I will not burden Your Honor with the recounting of Mr. Neel's false statements and accusation of "chicanery" contained in that letter, and a rebuttal thereof.  Here, I limit the discussion to what is relevant to this Rule 6(b) motion.

     Specifically, I had asked Mr. Neel, in an email sent on August 24th, several hours after I filed the opposition to his clients' motion, whether he consented to a Rule 6 motion extension based on this immaterial delay in the filing.  I explained that the delay was caused by the hectic precautions I was required to take beginning on August 20th due to the impending impact of hurricane Henri (the eye of which the predicted centerline track, published by the National Hurricane Center, at that point indicated would pass directly over my home office).  Although on Sunday the 21st, the track moved substantially to the east, over Block Island Sound, the hurricane effects still caused persistent internet connectivity problems for me, requiring, *inter alia*, multiple attempts to upload the opposition papers.

     Mr. Neel failed to respond directly to my request for consent to this motion.  But he did point out the delayed filing to the Magistrate Judge in a letter related to other case matters.  (Dkt. 76, 77)  It is not clear whether his letter was intended to or does constitute an objection.  To the extent it does, I respectfully suggest that it is groundless, given the complete lack of prejudice from a few hours filing delay, during the wee hours of the very early morning.

During the uploading process, there were repeated connectivity problems, resulting in the wrong document being uploaded in place of the correct Exhibit 4, which is an email produced by Savor (Savor #000333), a copy of which is attached hereto. Given that this Savor document was described in the opposition brief (Dkt. at 21) and accompanying Connolly Declaration (Dkt. 74), Savor will not be prejudiced by allowing it to be filed as the correct Exhibit #4.

In light of the circumstances which caused the filing to be delayed, it was excusable neglect to not seek the extension before the filing deadline expired, and therefore, good cause for excusing the delay under Rule 6.   Accordingly, Ms. Day requests the Court to grant this motion and accept the late filing, and permit the filing of the correct Exhibit 4.

Thank you for your consideration of this matter.

Respectfully submitted,

/s/Kerry E. Connolly
Kerry E. Connolly

c:  Wallace Neel (via ECF)

2