# CONNOLLY LAW

ONE BATTERY PARK PLAZA
32ND FLOOR
NEW YORK, NY  10004

(212) 372-7333
(917) 971-7788 (MOBILE)

kconnolly@connollylaw.us.com
kerry.connolly@gmail.com

686 HILL STREET
SOUTHAMPTON, NY 11968

December 23, 2021

VIA ECF
Hon. Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square, Room 2203
New York, NY 10007

Re:  *Savor Health, LLC v. Andrea Day*; Dkt. No. 19-cv-09798

Dear Judge Abrams:

As counsel to Andrea Day, defendant-counterclaim and third-party plaintiff, I respectfully submit this letter motion: (i) most importantly, for a stay of the proceedings in this action, while defendant-counterclaim and third-party claimant Andrea Day must continue to tend to the life-threatening illness of her daughter, (ii) to set a new scheduling order allowing for the completion of discovery[1], (iii) to reject the motion for partial summary judgment plaintiff and third-party defendant submitted, after obstructing discovery and failing to cooperate in complying with the Magistrate Judge's rules, thereby blocking Ms. Day's attempts to obtain an emergency extension to the last discovery deadline, without a scheduling order setting a date for summary judgment motions in place, and (iv) for such other relief as the Court deems appropriate.

This relief is needed urgently; the orderly sequence of proceedings in this action has gone off the rails – completely -- due to the obstructionist tactics of Ms. Day's former employer, plaintiff Savor

---

[1] (1) The original discovery deadline was October 31, 2020 (#46), (2) there have been 8 prior requests for extension of the discovery deadline, (3) all requests – prior to the November 12th request based on Ms. Day's daughter's illness (Dkt. 97) -- were granted. The extensions jointly requested were based, first, on Savor and Bratton's failure to produce and then on their dump of tens of thousands of pages (35,000 on May 15, 2021, 11,500 pages on June 23rd), including massive amounts of irrelevant pages, the time needed to review those pages. (##49, 52, 58, 62,68, 86, 89). As the third counsel to represent Savor and Bratton in this dispute (the second in this action), Mr. Neel alone asked for a 120 day extension (#60).

Health and its CEO, third party defendant Susan Bratton. By these tactics, they have prevented Ms. Day from obtaining intervention by the Magistrate Judge on obtaining the needed stay of this action and relief on the several discovery issues which Ms. Day had sought to be ruled on.

**Background**

Current counsel for Savor and Bratton is the third counsel to represent them in this dispute, and the second in this action. The revolving counsel door has resulted in repeated, continuing difficulties in Ms. Day obtaining discovery, and as detailed above, several extensions of the discovery deadline. On October 13, 2021, Magistrate Judge Fox granted the parties' request for an extension of the discovery deadline to November 12th and stated that no further extensions would be granted absent "extraordinary circumstances." (Dkt. 90) Notably, Judge Fox did not set a new date for summary judgment motions (*id.*), as he had in connection with all prior Orders granting extensions of the discovery deadline.

The parties scheduled outstanding party and expert depositions, ending on November 12th.

Bratton's deposition was taken on November 1st, during which many categories of documents were identified that had not been produced, despite the *66,000 pages* discovery dump Savor had made. The unproduced documents were again requested at the deposition, and in a follow-up letter to counsel. Notably, Bratton, CEO and founder of Savor, called this action a "frivolous lawsuit" (Transcript of the deposition of Susan Bratton ("Tr." at 143:20, 144:60) a copies of the relevant pages of which are attached as Exhibit A), although it was she who caused Savor to file the Complaint, and denied knowledge of *any* evidence of the validity of the majority of Savor's claims, referring all such matters to the report of Savor's expert, RVM/XDD. *See* Tr. at 93-100, 105, 108, 110-11, 143, 149-56, 158. Bratton also expressed outrage over Ms. Day updating her timesheets, which added additional money to Ms. Day's claim for unpaid wages, although Ms. Day was using the very documents Savor had produced as evidence of the additional hours she had worked. Tr. at 102, 165, 176-77. Bratton called the updated timesheet hours a "shakedown" Tr. at 129, 134-35, 165-67, 172, while at the same time Bratton admitted

she had made no effort to verify the accuracy of the additional hours Ms. Day had added to her timesheets.  Bratton Tr. at 23-26, 131-34, 165.

Ms. Day's deposition was scheduled for Monday, November 8th.  On the preceding Friday, Ms. Day daughter presented with an emergent, life-threatening illness which required Ms. Day to spend the Friday before her Monday deposition in the emergency room and most of Saturday, before her daughter was admitted to the hospital.  The treatment team told Ms. Day that her daughter would be an in-patient for a minimum of two weeks and that Ms. Day had to be in attendance every day.  Counsel for Savor and Bratton was timely advised (on Saturday) that Ms. Day would have to postpone her deposition.  Although the discovery deadline was November 12th, counsel for Savor and Bratton refused to proceed with the scheduled deposition of Ms. Day's expert on November 12th until all fact discovery was complete, and so the parties postponed both experts' depositions.

Given the "extraordinary circumstances" of Ms. Day's daughter's illness, another extension of the discovery deadline was needed.  So on November 9th, I sent counsel for plaintiffs a proposed joint letter to the Court seeking an extension of that deadline.  Mr. Neel did not provide his portion until 5:37 p.m. on the November 12th deadline.  In that letter, I proposed a 30 day extension of the discovery deadline, during which Ms. Day's deposition be rescheduled (Dkt. 97), that the expert depositions follow shortly thereafter, and that in the interim, the documents requested, again, at Bratton's November 1st deposition, as well as the other unproduced documents first requested from Savor and Bratton in July 2020 had to be produced. (Dkt. # 96,97)

Magistrate Judge Fox denied the parties' joint letter motion (Dkt. # 98) because it exceeded the 2 page limit of paragraph 2A of his Individual Rules.

**Savor and Bratton Block Ms. Day's Attempts to Obtain Relief**

I then asked Mr. Neel to participate in a 2 page letter motion that conformed to Judge Fox's rules. *Mr. Neel failed to respond to this request.*

Mr. Neel remained radio silent until December 1st, when he asked for dates for Ms. Day's deposition. On December 2nd, I reiterated that the parties had to seek an extension of the now expired discovery deadline. Mr. Neel insisted on a date for Ms. Day's deposition, stating he did not want an extension of the discovery deadline (to avoid production of Savor and Bratton's outstanding documents and the deposition of their expert). On December 3rd, based on the continuing illness of Ms. Day's daughter, I sent Mr. Neel Ms. Day's proposed letter motion, requested he add Savor and Bratton's portion to an amended (shortened) proposed joint letter motion. But as before, *Mr. Neel failed to respond.* Then on December 6th, when I again requested Mr. Neel to cooperate in the proposed joint letter motion, Mr. Neel announced that discovery was "over".

In the proposed amended motion sent to Mr. Neel, Ms. Day was requesting a stay of the action because her daughter's illness was continuing and the length of time her treatment would take was (and remains) uncertain. I suggested that Ms. Day would submit a report to the Court after her daughter's then-known 4 week treatment course, suggesting that if by then Ms. Day's daughter's condition had stabilized, the parties would promptly finish the outstanding depositions of Ms. Day and the parties' experts, and that in the interim, plaintiffs should be ordered to produce the outstanding documents first requested in July 2020 and again requested at Bratton's deposition and in the follow-up letter to counsel.

But with Savor and Bratton's refusal to add their portion to the letter motion, and without any ability to force Savor's and Bratton's response, Ms. Day was faced with a true Catch-22 – to obtain relief the parties were required to comply with ¶ 2A of Magistrate Judge Fox's Rules, and to do so, Savor and Bratton had to cooperate in the letter motion, they refused to do so, and thereby managed to block Ms. Day's ability to obtain any relief.

And, then, thinking they had successfully prevented Ms. Day from obtaining the discovery they do not want her to get, Savor and Bratton filed their motion for partial summary judgment, although the Court had not set a date therefor, presumably thinking they could get away with filing it on the

presumptive deadline of 30 days after discovery for such motions. But as the Advisory Committee makes clear:

> If the motion seems premature both subdivision (c)(1) and Rule 6(b) allow the court to extend the time to respond. The rule does set a presumptive deadline at 30 days after the close of all discovery.
>
> The presumptive timing rules are default provisions that may be altered by an order in the case or by local rule. Scheduling orders are likely to supersede the rule provisions in most cases, deferring summary-judgment motions until a stated time or establishing different deadlines. Scheduling orders tailored to the needs of the specific case, perhaps adjusted as it progresses, are likely to work better than default rules. A scheduling order may be adjusted to adopt the parties' agreement on timing, or may require that discovery and motions occur in stages—including separation of expert-witness discovery from other discovery.

Fed. R. Civ. P., 56, Adv. Com. n. 2009.

Savor and Bratton have prevented Ms. Day from obtaining the discovery she needs to not only oppose Savor's and Bratton's motion, but to make her own summary judgment motion. This obstructionist behavior justifies denial of Savor's and Bratton's motion under FRCP 56(d). This behavior also justifies the imposition of sanctions under Rule 56(h).

**Conclusion**

Based on the foregoing, Ms. Day requests the Court to grant the relief requested and thanks the Court for its consideration of the issues raised in this letter motion.

Respectfully submitted,

/s/Kerry E. Connolly
Kerry E. Connolly

The Court will hold a telephone conference to discuss the issues raised in this letter on Monday, January 3, 2022 at 10:00 a.m. The dial-in information for the conference is as follows: Call-In Number: (888) 363-4749; Access Code: 1015508. This line is open to the public and the press.

All deadlines in this case are temporarily stayed pending the conference. If the parties are unable to attend the conference at the scheduled time, they are directed to contact the Court via email as soon as possible.
SO ORDERED.

C: Counsel of record (via ECF)

_____
Hon. Ronnie Abrams
December 27, 2021

5