USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 01/04/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SAVOR HEALTH, LLC,

        Plaintiff/Counter-Defendant,

        v.

ANDREA DAY,

        Defendant/Counter-Claimant.

No. 19-CV-9798 (RA)

ORDER

---

RONNIE ABRAMS, United States District Judge:

    This case arises from a dispute between Defendant/Counter-Claimant Andrea Day and her former employers, Plaintiff/Counter-Defendant Savor Health, LLC and Third-Party Defendant Susan Bratton (collectively, "Savor"). As relevant here, Day raises various claims against Savor under the Fair Labor Standards Act, the New York Labor Law, and breach of contract, stemming from Savor's alleged failure to pay her full wages following her termination. Pending before the Court is Savor's motion for judgment on the pleadings on certain of Day's counterclaims and third-party claims. Also pending before the Court is Savor's motion for partial summary judgment.

    On December 24, 2021—three days before her deadline to oppose Savor's summary judgment motion—Day filed a letter with this Court requesting "emergency" relief. Dkt. 101. Specifically, Day asked that the Court: (1) stay this action while Day tends to an ill family member; (2) issue a new scheduling order allowing for the completion of discovery notwithstanding the lapsed discovery deadline; and (3) "reject" Savor's summary judgment motion. On December 31, 2021, Savor responded to Day's letter disputing Day's requests and raising a separate and unresolved discovery issue. Dkt. 103. The Court temporarily suspended summary judgment

briefing deadlines, and on January 3, 2022, held a telephone conference to discuss the issues raised in the parties' letters.

To fully understand the parties' dispute, it is necessary to mention several prior discovery-related disagreements. On October 13, 2021, Judge Fox—to whom the Court had referred this case for general pretrial management—extended the discovery deadline to November 12, 2021. In that order, he ruled that no further extensions would be granted "absent the existence of extraordinary circumstances." Dkt. 90.

On or about October 29, 2021, Day's counsel emailed to Savor's counsel an Excel spreadsheet that tabulated the hours Day had worked in 2019 and the corresponding wages she was purportedly owed for that time period. *See* Dkt. 91. Day's counsel stated that she would send additional spreadsheets with similar information for 2017 and 2018. *Id.* On November 4, 2021, Savor submitted a letter to Judge Fox requesting permission to move under Federal Rule of Civil Procedure 37(c) to exclude that spreadsheet and the forthcoming spreadsheets. Savor argued that Day had violated Federal Rule of Civil Procedure 26(e) because the information in the spreadsheet contradicted one of Day's sworn interrogatories—which had set out both a different number of hours worked and a different mathematical formula calculating Day's damages than were depicted in the spreadsheet—but that Day had never amended or supplemented her interrogatories. *Id.*; *see* Fed. R. Civ. P. 37(c) ("If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."); Fed. R. Civ. P. 26(e) ("A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the

2

disclosure or response is incomplete or incorrect."). The letter was not submitted jointly, as required by Judge Fox's individual rules, because Day's counsel purportedly did not contact Savor's counsel with Day's position on the issue.

Day filed a response to Savor's letter on November 5 arguing that "Day's damages supplementation is exactly what she is obligated to do under the Federal Rules" and citing Rule 26(e). Dkt. 92. That same day, Savor replied to Day's letter, again requesting that Judge Fox either "exclude any attempt to change Day's sworn positions" or else require Day to pay Savor's fees, costs, and expenses for the additional discovery that Day's purported "violation of Rule 26 would require." Dkt. 93. On November 8, 2021, Judge Fox issued an endorsement directing the parties to comply with Paragraph 2A of his individual rules of practice, which requires that parties must request a pre-discovery motion conference under Local Civil Rule 37.2 by filing a joint letter not exceeding two pages. Dkt. 95. That same day, Judge Fox also denied Savor's November 5 reply letter, stating that "[t]he relief requested must be sought via a formal motion, *see* Local Civil Rule 7.1 of this court, and not through a letter motion." Dkt. 94. Savor did not file a formal motion under Rule 7.1 following this ruling, nor did the parties submit a subsequent letter.

A second discovery dispute arose on November 12, 2021, the discovery deadline. On that day, the parties submitted a joint letter explaining that on November 5, 2021, Day's daughter had fallen ill and was hospitalized. Dkt. 96. These circumstances required cancelling Day's deposition, which had been scheduled for November 8, as well as that of Day's expert, whose testimony would rely on Day's. In the joint letter, Savor expressed its willingness to conduct these two depositions after the discovery deadline given the exigent circumstances. However, Day also sought a 30-day extension of the discovery deadline to allow for the deposition of Savor's expert— which Day's counsel had also postponed—as well as the production of certain documents Day had

previously requested from Savor. Savor objected to this latter request. On November 15, 2021, Judge Fox denied the requested relief because the parties' letter exceeded two pages in violation of his individual rules. Dkt. 98. The parties did not file a subsequent letter. On December 13, 2021, Savor filed a motion for summary judgment. The next docket entry is Day's December 24 emergency request.

Having considered the parties' arguments at yesterday's conference, their letters to Judge Fox and to this Court, and the other filings in the record, the Court rules as follows.

Day's first request in her December 24 letter—for a complete stay in this case given Day's daughter's illness—is denied. During the conference, Day's counsel stated that by January 7, Day's daughter would likely have a treatment schedule in place, and that this schedule would likely leave Day available two days per week, including for a future deposition. Day's counsel did not represent that Day's daughter's illness would otherwise affect the progression of this case. Accordingly, the Court finds that a stay is unnecessary.

Turning to Day's second request, the Court finds that Day is not entitled to a general reopening of discovery. In her December 24 letter, Day argues that discovery remains incomplete because Savor has purportedly failed to produce "outstanding documents first requested in July 2020 and again requested at Bratton's deposition and in the follow-up letter to counsel." Dkt. 101 at 4. Day's counsel, however, knew that these documents were outstanding as early as July 2020 and knew by Bratton's November 1 deposition that Savor had still not produced these documents—but did not file a motion to compel. The Court appreciates that Day's counsel may have been confused about the proper course of action in light of Judge Fox's individual rules and apparent disagreements with Savor's counsel regarding the propriety of filing a joint letter after the close of discovery. *See* Dkt. 105. But counsel's choice to do nothing between November 15

and December 24—be it filing a motion to reopen discovery, submitting an individual letter to Judge Fox, or submitting an individual letter to this Court—precludes her belated attempt to avoid the discovery deadline. For similar reasons, Day's third request—that the Court "reject" Savor's summary judgment motion—is also denied. Given that discovery had closed 30 days prior without Day requesting any relief following Judge Fox's ruling, the Court finds nothing improper regarding Savor's filing of its summary judgment motion.

By contrast, the Court finds that conducting the three outstanding depositions—that of Day, that of Day's expert, and that of Savor's forensic computer expert—is warranted. During the conference, Savor's counsel reiterated Savor's willingness to conduct the depositions of Day and her expert notwithstanding the close of discovery. Savor objected, however, to deposing Savor's expert after the discovery deadline, arguing that Day's daughter's illness was irrelevant to counsel's decision to cancel that deposition. Day's counsel replied that it was her understanding that counsel had jointly agreed to postpone all expert discovery until the conclusion of fact discovery—meaning that Savor's expert's deposition would also be postponed pending Day's deposition. Taking counsel at her word that a genuine misunderstanding occurred, the Court finds that the fairest outcome is to allow all three depositions to go forward. All depositions shall be held by February 1, 2022. No later than February 7, 2022, Savor shall file a letter with the Court indicating whether it intends to rest on its current summary judgment motion or whether it intends to amend its motion based on facts adduced during these depositions. Following receipt of that letter and the briefing discussed below, the Court will order further briefing deadlines.

Still remaining is Savor's Rule 37(c) objection based on Day's alleged violation of Rule 26(e) and whether any exclusion is required. Given Judge Fox's prior rulings, the parties have not had the opportunity to fully brief this issue. By no later than January 18, 2022, Savor shall file a

brief, not to exceed ten pages, laying out the basis for excluding the spreadsheets from trial and/or from Day's summary judgment opposition. Day may file an opposition, not to exceed ten pages, by no later than February 1, 2022.

SO ORDERED.

Dated:   January 4, 2022
         New York, New York

                                                   _____
                                                   Ronnie Abrams
                                                   United States District Judge