```
USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 05/12/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SAVOR HEALTH, LLC,

    Plaintiff/Counterclaim-Defendant,

v.

ANDREA DAY,

    Defendant/Counterclaim Plaintiff

---

ANDREA DAY,

    Third Party Plaintiff,

v.

SUSAN BRATTON and JOHN/JANE DOES #1-9,

    Third Party Defendants

---

No. 19-cv-9798 (RA)

ORDER

---

RONNIE ABRAMS, United States District Judge:

    The Court is in receipt of a letter motion from Savor Health, LLC and Susan Bratton (together, "Savor") requesting that the Court strike Day's Second Amended Counterclaim and Third Party Complaint, as well as Day's letter in response. The Court strikes Day's "gap-time" claims but declines to strike any other portion of Day's amended pleading and declines to grant Savor leave to move to do so.

    As an initial matter, Day's seventh counterclaim and seventh third party claim both raise a cause of action for "gap-time" violations under the New York Labor Law, despite the Court's earlier ruling that such claims were not cognizable; Day has explained that she maintained these claims to preserve them for appellate review. The Court sees no reason to disturb its prior

reasoning and therefore strikes these claims; Savor need not address them in its future dispositive motion.

The Court next addresses Savor's challenge to the other new claims and allegations in Day's amended pleading on the basis that they exceeded the scope of the Court's amendment order. To be sure, "[d]istrict courts in this Circuit have routinely dismissed claims in amended complaints where the court granted leave to amend for a limited purpose and the plaintiff filed an amended complaint exceeding the scope of the permission granted." *Palm Beach Strategic Income, LP v. Salzman*, 457 F. App'x 40, 43 (2d Cir. 2012). The Court does not, however, interpret its prior ruling as having imposed such a substantive limit on the scope of Day's amendment. Even if Day has exceeded the scope of the Court's order, the Court "need not exercise [its] authority" to dismiss any claims or allegations on this basis. *Lopez v. Adidas Am., Inc.*, No. 19-CV-7631 (LJL), 2020 WL 2539116, at *3 (S.D.N.Y. May 19, 2020). Accordingly, "rather than exclude these . . . claims because they are beyond the scope of the Court's order, the Court instead will consider whether these amendments should be permitted under Rule 15 . . . *i.e.*, whether permitting the amendments would be futile or would result in undue prejudice." *Artskills, Inc. v. Royal Consumer Prod., LLC*, No. 17-CV-1552 (VAB), 2018 WL 6304348, at *8 (D. Conn. Dec. 3, 2018) (citation omitted). As Day argues, amendment to a pleading is generally denied only when there are concerns of "bad faith, undue delay, or undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). Savor has not shown that any of these considerations warrant striking any part of Day's amended pleading.

Day's new causes of action consist of a claim against Savor for the breach of the implied covenant of good faith and fair dealing and claims against Bratton for breach of contract, account stated, and breach of the implied covenant of good faith and fair dealing. Savor rightly notes that it is late in the litigation to add new claims, with discovery complete and Savor having filed a

2

partial summary judgment motion. But this delay cannot be attributed to Day, as the Court only granted leave to amend in its March 31, 2022 opinion. Each of the new claims, moreover, appears to rest on the same factual allegations that supported Day's earlier claims, which cuts against finding prejudice. *See Duling v. Gristede's Operating Corp.*, 265 F.R.D. 91, 102 (S.D.N.Y. 2010) (finding that "[a]ddition of the new claims will not prejudice defendants because the proposed claims are 'related closely to the original claim[s]'" (alteration in original) (quoting *State Tchrs. Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981))).[1] Indeed, Day has not expressed any intention to reopen discovery, suggesting that she plans to support her new claims through evidence that has already been produced. The Court thus sees no reason why Savor cannot address these new claims in an amended summary judgment motion—which it already anticipated filing before Day's amendment.[2] *Cf. Bromfield v. Bronx Lebanon Special Care Ctr., Inc.*, 2019 WL 1873156, at *3 (S.D.N.Y. Apr. 26, 2019) (denying a proposed amendment that would require reopening discovery). To the extent Savor may wish to argue on summary judgment that any of Day's new claims fail as a matter of law, it is free to do so.

Day's amended pleading also adds allegations about the propriety of her accessing Savor's information following her termination; allegations that her retaliation claims are supported not only by her Department of Labor complaint, but by earlier verbal complaints of violation of wage and hour laws; and allegations that her existing breach of contract claim also entitles her to equity in Savor as a form of relief. Again, to the extent these new assertions may fail as a matter of law or may be unsupported by the evidence that has already been produced, Savor may so argue in a

---

[1] This also distinguishes this case from some of those that dismissed new claims in an amended pleading that exceeded the scope of a court's leave to amend. *See, e.g.*, *Kuntz v. N.Y. State Bd. of Elections*, 924 F. Supp. 364 (N.D.N.Y. 1996) (dismissing new claims in amended complaint where they "appear to proceed on entirely new factual allegations and legal bases and clearly exceed the mandated scope of the Court's leave to amend").

[2] Given the significant overlap between the facts underlying Day's new claims and those underlying her original claims, the Court finds it unlikely that Savor will require additional discovery to adequately defend against them. To the extent that assumption is in error, any such application shall be made to Judge Willis for her determination.

...

future summary judgment motion.[3] In short, Savor has not persuasively "asserted any reason why the new claims [and allegations] would materially add to the burden of defending [Day's] action." *Duling*, 265 F.R.D. at 103.

Finally, Savor objects to Day's amended pleading to the extent it "attempts to substitute a new mathematical formula to tabulate the wages allegedly due [to Day]," arguing that this "formula . . . is incompatible with the Answer she swore to in her Answer to Interrogatory 3" and that Day's allegations regarding the number of hours she worked is also inconsistent with her sworn interrogatory. In essence, Savor seeks to preclude Day from asserting any damages that are inconsistent with those stated in her prior interrogatories. This argument has already been raised in the motion for sanctions that is currently pending before Judge Willis, and this Court defers to Judge Willis' forthcoming ruling on that issue.

By no later than May 19, 2022, Savor shall update the Court as to whether it intends to rest on its current motion for partial summary judgment, or whether it intends to file an amended motion that addresses the Court's March 31, 2022 ruling and Day's additional claims and allegations.

SO ORDERED.

Dated:  May 12, 2022
        New York, New York

Ronnie Abrams
United States District Judge

---

[3] Day also supplements her allegations that Bratton was her employer for purposes of the federal and state labor laws. Because the Court ruled that the prior pleading's allegations about Bratton's employer status were sufficient, these supplemental allegations are harmless. She further adds allegations that she engaged in interstate commerce as a Savor employee, as required to be covered by the wage provisions of the Fair Labor Standards Act ("FLSA"). But because Day does not attempt to replead the FLSA causes of action that the Court dismissed on this basis, the Court need not address the effect, if any, of those new allegations. Moreover, as stated in the March 31, 2022 opinion, Day's FLSA claims dismissed on this basis would have failed for independent reasons. Accordingly, the Court finds no basis to strike these allegations. *See Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 894 (2d Cir. 1976) ("Rule 12(f) should be construed strictly against striking portions of the pleadings on the grounds of immateriality.").