USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED:  06/28/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAVOR HEALTH, LLC,

    Plaintiff/Counter-Defendant,

      v.

ANDREA DAY,

    Defendant/Counter-Claimant.

No.  19-CV-9798 (RA)

<u>ORDER</u>

RONNIE ABRAMS, United States District Judge:

In a Report and Recommendation dated May 17, 2022, Magistrate Judge Willis recommended denying Savor's request for discovery sanctions against Day, either in the form of preclusion or in the form of an adverse inference.  Now before the Court are Savor's objections to the Report.  For the following reasons, Savor's objections are overruled, and the Court adopts the Report in its entirety.

"[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court."  28 U.S.C. § 636(b)(1)(A).  Pursuant to Federal Rule of Civil Procedure 72, parties may file objections to a magistrate judge's order.  If the order is on a nondispositive matter, this Court shall "modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a).  If the order is on a dispositive matter, this Court shall "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  Regardless of which standard of review applies, the Court finds no error in Judge Willis' Report.

Judge Willis found—and this Court agrees in full—that Day violated the rules of discovery through her belated disclosures. She then found, however, that Day's violation did not compel entering sanctions against her. Savor asserts that the Report's conclusion on this latter point is "factually wrong on several bases," May 19 Letter at 1 n.1: the Court addresses each purported basis in turn.

First, Savor contends that "the assertion that Savor should have questioned the [parties'] expert witnesses about Day's hours, and should somehow be penalized for not doing so, is without merit" because the witnesses in question are "computer forensic witnesses, not fact witnesses." May 19 Letter at 1 n.1. But the argument that the expert forensic witnesses are irrelevant to Day's hours is inconsistent with Savor's statement in its May 19 letter that it will now be "force[d] . . . to re-boot discovery as to . . . third-parties and computer experts" in response to the additional production regarding Day's hours. *Id.* at 2. In other words, either the expert witnesses were relevant to Day's hours, or they were not.[1]

Next, Savor challenges the Report's "assertion that Savor should be penalized for not volunteering to re-open discovery after it had already moved for summary judgment," arguing that counsel had instead stated that "given the years of work that had just closed, [counsel] did not want the Court to force the parties to incur the expense needed to re-start discovery." May 19 Letter at 1 n.1. This overstates the Report. Judge Willis found Savor's claim of prejudice arising from

---

[1] Relatedly, Savor argues that "because the computer forensic experts were served months before Day claimed that she'd spent hundreds of hours drafting emails, those experts had no reason to examine the data to determine whether Day's assertions were true." *Id.* at 2. The final deadline for all discovery, however, including expert discovery, was November 12, 2021, meaning that either side's experts had time to analyze at least Day's October 29, 2021 production. Even if that time frame was insufficient for the experts to assess that data in their reports, they could still have been questioned about both that production and Day's November 12, 2021 production during their depositions. To the extent those experts would have been unprepared to assess that new data on the spot—or to the extent those experts were unable to assess the additional data Day produced after their depositions—Savor could have requested the re-opening of discovery on that basis. Instead, it chose to move for sanctions, and take the risks associated with the potential denial of that motion, rather than seek to reopen discovery.

Day's eleventh-hour supplementations unconvincing in part because Savor had declined the opportunity this Court had provided for it to take discovery in response to those supplementations. Report at 11-12 (citing Transcript of Jan. 3, 2022 conference). To be sure, Savor would also have been prejudiced, albeit to a lesser extent, by incurring the expenses associated with re-opening discovery. But its prior representation to this Court is strong evidence that Savor preferred to take the strategic choice of filing a sanctions motion rather than guaranteeing it would have discovery responsive to Day's production—a fact that is relevant to Judge Willis' prejudice finding.

Savor also characterizes as "preposterous" the Report's statement that its production was a "jumble." May 19 Letter at 1 n.1. As an initial matter, the Report was merely quoting Day's brief when using this term. But more importantly, the Court sees no reason to disagree with Judge Willis' finding that Savor's "delayed production" of 120,000 pages of documents contributed in part to the delay in Day's response to those documents. Report at 12.

Finally, Savor objects to the Report's suggestion that Savor "did not act promptly under Magistrate Judge Fox's directive . . . to file a plenary motion," explaining that its "Motion for Sanctions *is* that motion, and its timing was dictated by [this Court] in the January 4, 2022 Order." May 19 Letter at 1 n.1. This objection is similarly unavailing. Judge Willis accurately observed that after Judge Fox denied Savor's letter motion for a discovery conference, Savor "did not file a formal motion" regarding the dispute, despite Judge Fox's explicit order that the "relief [Savor] requested must be sought via a formal motion." Report at 6; Dkt. 94. The fact that this Court afforded Savor another opportunity to file that motion does not erase this history.

Having examined the remainder of Judge Willis' Report, the Court finds no error in it, and accordingly adopts it in its entirety.

In her Report, Judge Willis also wrote that if this Court were to deny Savor's request for sanctions, she further recommended "that Savor and Bratton file a letter no longer than three pages . . . describing any discovery they seek, limited to the damages calculations Day produced after the close of discovery," to which Day could respond.  Report at 16.  Judge Willis contemplated the possibility that discovery could be reopened if Savor made a sufficient showing of the need for such discovery.  *See id.*  Given the ongoing referral of this action to Judge Willis for general pretrial management, including resolution of non-dispositive motions, the Court defers to her decision on whether to reopen discovery.  Accordingly, if Savor chooses to file a letter seeking to reopen discovery, it shall make that application to Judge Willis by July 5, 2022.  If Savor does not seek to reopen discovery, it shall so inform this Court by that date and propose a briefing schedule for its revised summary judgment motion.

SO ORDERED.

Dated:     June 28, 2022
           New York, New York

_____
Ronnie Abrams
United States District Judge