UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
SAVOR HEALTH, LLC,

Plaintiff/Counterclaim-Defendant,

-v-

ANDREA DAY,

Defendant/Counterclaim-Plaintiff.
---------------------------------------------------------x
ANDREA DAY,

Third-Party Plaintiff,

-v-

SUSAN BRATTON and JOHN/JANE DOES #1-9

Third-Party Defendants.
---------------------------------------------------------x

**OPINION AND ORDER**
No. 19-CV-9798 (RA) (JW)

JENNIFER E. WILLIS
UNITED STATES MAGISTRATE JUDGE

Before this Court is a request by Plaintiff/Counterclaim-Defendant Savor Health, LLC ("Savor") and Third-Party Defendant Susan Bratton ("Bratton") (collectively, "Savor") to reopen discovery. Dkt. No. 156. For the reasons set forth below, Savor's request is denied.

### BACKGROUND

The parties' discovery history is well-documented in this Court's Report and Recommendation on Savor's motion for sanctions. See Dkt. No. 145. On February 18, 2022, Savor filed a motion for sanctions seeking an order pursuant to Federal Rules of Civil Procedure 26 and 37 to preclude Defendant/Third-Party Plaintiff

1

Andrea Day ("Day") "from introducing evidence of a computation or theory of damages at variance with her sworn, unamended March 26, 2021 Answers to Savor and Bratton's Interrogatories," or "provid[e] that an 'adverse inference' instruction be given to the jury regarding Day's damages theory and computation," along with any other relief "the Court deems just and proper." Dkt. No. 122 at 1.

On May 17, 2022, this Court recommended that Savor's motion be denied. While finding that Day's supplemental timesheets after the close of fact discovery were untimely and thus violated Federal Rule of Civil Procedure 26(e), this Court found that preclusion was not warranted under the Softel, Inc. v. Dragon Med. & Sci. Commc'ns, Inc., 118 F.3d 955, 961 (2d Cir. 1997), factors. Dkt. No. 145 at 12-14. Further, an adverse inference instruction was not warranted because Savor did not demonstrate that Day had a "culpable state of mind" in not timely producing her damages calculations and Day's conduct amounted to a late disclosure, not a non-disclosure. Id. at 15. Nonetheless, this Court recommended that Savor be able to file a letter requesting that discovery be reopened, limited to the damages calculations Day produced after the close of discovery, with an explanation of how Savor could not have obtained such discovery before the close of discovery. Id. at 16. On May 19, 2022, Savor filed a letter objecting to this Court's Report. Dkt. No. 146. On June 28, 2022, Judge Abrams overruled Savor's objections and adopted this Court's Report in its entirety. Dkt. No. 155. On July 5, 2022, Savor filed a letter requesting additional discovery. Dkt. No. 156. On July 12, 2022, Day filed a responsive letter. Dkt. No. 158.

## SAVOR'S REQUEST

Savor argues that Day swore in response to Interrogatory 3 that her damages were based on the formula and hours Day set forth in spreadsheets she submitted for the parties' mediation in 2020. Accordingly, Savor claims that throughout discovery, it "never had reason to probe Day's interpretation of the contract." Dkt. No. 156 at 1. In fact, the formula Day swore to in her interrogatory response "also reflected Savor's understanding of the formula for calculating wages." Id.

Nonetheless, Savor argues that nine business days before the end of discovery, which Judge Fox had previously stated would not be extended "absent the existence of extraordinary circumstances" (see Dkt. No. 90), Day changed the formula for calculating her wages and doubled her hours worked. Day also promised to continue supplementing her damages calculation after the close of discovery on November 12, 2021. Id. Savor asserts that "nine working days was insufficient to propound new discovery based on an entirely new case" and "Day's violation of Rule 26 [did] not constitute an 'extraordinary circumstance'" to extend discovery. Id. at 2. As proof for such argument, Savor asserts that Judge Fox and Judge Abrams denied Day's requests to re-open discovery. See Dkt. Nos. 98, 106. Accordingly, Savor asserts it had "no remedy" as it had been handed "a fraction of a new case at the close of discovery, with no further extensions." Dkt. No. 156 at 2.

Savor asserts that if this Court does not reopen discovery, Savor will be prejudiced.[1] Savor will be "forced to defend against a damages claim that Savor had

---

[1] Savor states "Judge Abrams has now concurred with Your Honor and ruled that although Savor was prejudiced by Day's violation of Rule 26 [Dkt 155, at 2], the remedy is not the

3

never seen until the discovery had ended," and "Day's Rule 26 violation will benefit her enormously by entirely shielding her late-substituted case from the discovery process." Id. "[A]ll prior discovery probed Day's sworn interpretation of the Employment Agreement *not* as literally written." Id. "By the time [Day's] new [damages] theory surfaced, any chance to subject it to discovery was long gone. Id. Specifically, Savor requests to conduct the following discovery:

1. Document demands to Day targeted at her newly-claimed hours, including but not limited to, all documents concerning: Day's newly-claimed hours; Day's old formula for calculating her wages; Day's drafts of her 2020 submissions to the Department of Labor; documents concerning the meaning of Day's new formula; and Day's understanding of the formula. ("Request 1").

2. Third-party document and deposition discovery of Matthew Day, Day's husband and an attorney who handled negotiations with Savor. ("Request 2").

3. A deposition of Day. ("Request 3").

4. Expert discovery concerning the data underlying Day's new claims of time she spent drafting hundreds of emails. ("Request 4").

## DAY'S RESPONSE

Day contends that Savor has failed to demonstrate "any valid justification for not taking the damages discovery earlier, let alone justification for the requested

---

striking the evidence, but rather permitting the re-opening discovery on the newly-raised issues if Your Honor will allow it." Dkt. No. 156 at 2. This statement is false. Neither Judge Abrams nor this Court stated in our respective Order and Report that "Savor was prejudiced by Day's violation of Rule 26." In fact, this Court specifically stated that it found "Savor and Bratton's now-claimed prejudice unconvincing" in the context of Savor's sanctions motion. Dkt. No. 145 at 12.

4

broad, unspecific discovery reopening." Dkt. No. 158 at 1. Day argues that her supplemental timesheets did not use a "changed" formula to calculate Day's damages. Rather, the supplemental timesheets reflect the formula set out in Day's employment agreement with Savor (the "Employment Agreement"). Savor could have confirmed the accuracy of the timesheets produced on October 29, 2021 before discovery closed and thus Savor does not "explain why third-parties should be questioned about their 'understanding' of the formula." Id. Day also argues that Bratton testified that Day's supplemental timesheets calculated Day's damages correctly and thus Savor's statement that Savor had agreed with Day's incorrect calculations in her earlier timesheets is false. Id. at 2.

In addition, Day disputes Savor's claim that it did not have enough time to obtain discovery as to the supplemental timesheets that were produced nine business days before the close of discovery. Day argues Savor has not explained why such time was insufficient. Day further asserts that Savor had over two months after the close of discovery to prepare for Day's and the experts' depositions, which occurred after Day produced all her supplemental timesheets. Id.

Further, Day argues that Savor waived discovery as to Day's supplemental timesheets in three ways. First, after Savor received Day's supplemental timesheets on October 29, 2021, Savor sought to have the timesheets excluded rather than ask for an extension of time to seek discovery on them. Id. Second, Savor told Judge Abrams two months after discovery closed that it wanted the supplemental

timesheets excluded and rejected Judge Abrams' offer to take additional discovery. Id.

Third, Savor specifically chose not to seek discovery about Day's individual time entries. Bratton testified that "on the advice of counsel," she would "absolutely reject" Day's supplemental timesheets for 2017 and 2018. Therefore, Day claims "any argument of the need to do an entry-by-entry examination on the time entries is belied by Bratton's advised decision not to even want to know if the time entries are accurate." Id. Moreover, at Day's deposition, Savor's counsel took discovery on the supplemental timesheets. Savor's counsel asked Day about her process of adding time entries, but did not ask about the entries themselves. Savor's counsel also questioned Day about the formula she used to supplement her timesheets and how Day remembered the time she spent on tasks added to her supplemental timesheets. Id.

Day also disputes Savor's specific discovery requests. As to Request 1, Day states that Savor is requesting documents Savor produced to Day and documents Day already produced to Savor. Day argues it does not have any other documents. As to Request 2, Day states that her husband Mr. Day did not partake in negotiations of the Employment Agreement and only added limited changes to the document. Day also asserts that Savor waived its opportunity to depose Mr. Day. Savor's counsel previously asked Day's counsel to accept service of a subpoena to depose Mr. Day, which Day's counsel refused. Savor then did nothing to pursue Mr. Day's deposition. Id. at 3.

As to Request 4, Day contends that Savor's expert had over two years before producing his expert report to review Savor's system logs for forensic evidence to verify time Day spent on documents and emails. Id. Day also references Judge Abrams' June 28, 2022 order. Id. Judge Abrams held:

> The final deadline for all discovery, however, including expert discovery, was November 12, 2021, meaning that either side's experts had time to analyze at least Day's October 29, 2021 production. Even if that time frame was insufficient for the experts to assess that data in their reports, they could still have been questioned about both that production and Day's November 12, 2021 production during their depositions. To the extent those experts would have been unprepared to assess that new data on the spot—or to the extent those experts were unable to assess the additional data Day produced after their depositions—Savor could have requested the re-opening of discovery on that basis. Instead, it chose to move for sanctions, and take the risks associated with the potential denial of that motion, rather than seek to reopen discovery.

Dkt. No. 155 at 2 n.1.

To conclude, Day argues that if this Court allows any additional discovery, "it should be limited to a half day (maximum) deposition of Day, restricted to the content and accuracy of the Supplemented Timesheets that were produced after the end of discovery, nothing else." Id.

## STANDARD OF LAW

"In determining whether good cause exists, courts consider six factors: (1) the imminence of trial; (2) whether the request is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court; (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district

7

court; and (6) the likelihood that the discovery will lead to relevant evidence." United States v. Prevezon Holding, Ltd., 236 F. Supp. 3d 871, 873 (S.D.N.Y. 2017).

## DISCUSSION

The first factor of the "good cause" test, the imminence of trial, weighs in favor of reopening discovery because a trial date has not yet been set. The second factor, whether the request is opposed, weighs against reopening discovery as Day opposes Savor's request. The third factor, whether Day would be prejudiced, weighs against reopening discovery because granting Savor's request would increase the burden and cost on Day in responding to Savor's additional discovery requests and further delay resolution of this litigation.

The fourth and fifth factors, whether Savor was diligent in obtaining discovery within the guidelines established by the court and the foreseeability of the need for additional discovery, weigh against reopening discovery. Savor states that "[b]y the time [Day's] new [damages] theory surfaced, any chance to subject it to discovery was long gone." Dkt. No. 156 at 2. This is patently incorrect. Day first produced supplemental timesheets as to her hours with a different formula than previously asserted on October 29, 2021 – nine business days before the end of discovery on November 12, 2021. Even if nine business days were insufficient to serve additional document requests, which the Court does not believe to be the case, Savor had from October 29, 2021 to the end of January 2022 to prepare for its depositions of Day on January 21, 2022 and of the parties' experts on January 26 and 31, 2022. Day produced additional timesheets on November 12, 2021; January 11, 2022; January

17, 2022; and January 19, 2022 – all of which were produced before Day's deposition and the parties' experts' depositions. Therefore, Savor had sufficient time to obtain discovery via depositions on Day's supplemental timesheets and new damages calculation.

Savor's assertion that it was left with "no remedy" and "no further extensions" of discovery to enable it to propound new discovery in response to Day's October 29, 2021 supplemental timesheet is also unpersuasive. Savor cites Judge Fox's and Judge Abrams' denials of requests to extend discovery. However, Judge Fox denied the parties' request to reopen discovery not on the merits but for failure to comply with his Individual Rules of Practice. Dkt. No. 98. Neither party made any effort thereafter to reopen discovery until December 24, 2021, when Day filed a letter asking Judge Abrams to set a new scheduling order for the completion of discovery. Dkt. No. 101. Judge Abrams then conducted a telephone conference to address Day's letter and held that a general reopening of discovery was not warranted to enable Day to obtain outstanding documents requested from Savor. Dkt. No. 106 at 4. Judge Abrams specifically asked Savor if it sought discovery as to Day's supplemental timesheets. Savor's counsel said it did not. Rather, Savor wanted the timesheets precluded from trial. Dkt. No. 109 at 21-22. Savor thus had the opportunity to ask Judge Abrams to reopen discovery as to Day's supplemental timesheets and declined to do so. Instead, Savor filed a motion for sanctions to preclude Day from using her supplemental timesheets at trial.

As to Savor's specific discovery requests, the Court finds that Savor has not explained how it could not have obtained the requested discovery before discovery closed. In response to Request 1, Day states that it has no additional documents beyond what Savor produced and Day already produced. Therefore, documents related to Day's newly-claimed hours have already been discovered. Savor was also aware of Day's old formula for calculating her wages and her 2020 submissions to the Department of Labor before the end of discovery, and thus Savor's request is not limited to the damages calculations Day produced after discovery closed. Savor had ample opportunity to propound additional document demands as to the old formula and Day's Department of Labor submissions but chose not to. Lastly, Savor had nine business days to serve additional document requests related to Day's new formula and understanding of the formula. Savor chose not to serve such requests. Even if nine business days was insufficient, which the Court does not believe to be the case, Savor did obtain discovery as to Day's new formula and understanding of the formula through questions during Day's deposition. See Dkt. No. 116-2. Accordingly, the Court finds no need to reopen discovery as to Request 1.

As to Request 2, Savor was aware prior to the end of discovery that Mr. Day was involved in some capacity in Day's signing of the Employment Agreement. Day also states that Savor's counsel sought to depose Mr. Day before discovery closed but did not follow up when Day's counsel refused to accept service of a subpoena for Mr. Day. Had Savor's counsel been more diligent, Savor could have deposed Mr. Day

before the end of discovery. Savor offers no explanation as to why or how it could not have deposed Mr. Day earlier.

As to Request 3, the Court finds no reason to reopen discovery to allow Savor to depose Day for a second time. Savor deposed Day on January 21, 2022 – almost three months after Day first produced supplemental timesheets with her new formula. This was more than enough time for Savor to prepare depose Day about the new formula, her understanding of the formula, and her new hours, as well as how she created her supplemental timesheets. In fact, Savor did ask Day about her supplemental timesheets. See Dkt. No. 116-2. Savor's decision to ask certain questions and not others was a strategic decision by Savor's counsel that does not warrant the reopening of discovery.

Finally, as to Request 4, this Court is persuaded by Judge Abrams' conclusion and finds that Savor has not explained why it could not have obtained the expert discovery it now seeks earlier.

> The final deadline for all discovery, however, including expert discovery, was November 12, 2021, meaning that either side's experts had time to analyze at least Day's October 29, 2021 production. Even if that time frame was insufficient for the experts to assess that data in their reports, they could still have been questioned about both that production and Day's November 12, 2021 production during their depositions. To the extent those experts would have been unprepared to assess that new data on the spot—or to the extent those experts were unable to assess the additional data Day produced after their depositions—Savor could have requested the re-opening of discovery on that basis. Instead, it chose to move for sanctions, and take the risks associated with the potential denial of that motion, rather than seek to reopen discovery.

Dkt. No. 155 at 2 n.1.

Under the sixth factor, the likelihood that the discovery will lead to relevant evidence, weighs in favor of reopening discovery. It is likely that the additional discovery Savor seeks is relevant to Day's counterclaims and damages calculation. However, the additional discovery will not fundamentally change Day's counterclaims or theory of damages. Day's theory of damages remains her allegedly unpaid wages. Therefore, while the additional discovery Savor seeks may be relevant and useful at trial, the weight of the other five factors militates against reopening discovery.

## CONCLUSION

For the foregoing reasons, I deny Savor's request to reopen discovery.

SO ORDERED.

Dated: New York, New York
July 21, 2022

*Jennifer E. Willis*
JENNIFER E. WILLIS
United States Magistrate Judge