

July 29, 2022  **JOINT LETTER**  VIA ECF

Hon. Ronnie Abrams
U.S. District Judge
40 Foley Square
New York, NY 10007

Re:  *Savor Health, LLC v. Andrea Day*; No. 19-cv-09798

To the Honorable Judge Abrams:

I represent Plaintiff Savor Health LLC and Third-Party Defendant Susan Bratton ("Savor") in this action. Counsel jointly write to provide our respective proposals for "a briefing schedule for Savor's renewed summary judgment motion," as Your Honor Ordered. ECF 161 ("Order.")

**Savor's Position**

Savor proposes to file its renewed Summary Judgment motion on or before August 23. When I asked Defendant/Counterclaimant/ Third-Party Claimant Andrea Day's counsel how much time she would like to file an Opposition, she demanded the right to cross-move for summary judgment.

Savor opposes any attempt by Day to move (or cross-move) for Summary Judgment nine (9) months after such a motion was due, on December 13, 2021—in other words, "at any time until 30 days after the close of all discovery." Fed. R. Civ. P 56(b). As the Court is aware, Day's attorney not only did not understand Rule 56(b), but in fact demanded sanctions against Savor for filing a timely motion.[1]

The Order correctly asked for a schedule for "Savor's renewed summary judgment motion," and that should be the limit of it. No late Rule 56 motion should be permitted, as Day cannot justify why her prejudicial lateness should be forgiven yet again. The Court will recall it earlier ruled that Day had violated Rule 26 by failing to disclose new evidence that replaced the gravamen of her case until just days before the end of discovery. That Rule 26 violation has benefit Day by screening her late-disclosed new theory and evidence from discovery and/or by imposing fees and

---

[1] "Savor and Bratton filed their motion for partial summary judgment, although the Court had not set a date therefor, presumably thinking they could *get away with filing it*… this behavior …justifies the imposition of sanctions." [Dkt. # 101 at 4-5] (emphasis added). Day's statement that her failure arose from "counsel for Savor['s] refus[al] to even participate in preparing a mandatory joint letter seeking to extend that November discovery date" is wrong: it was Day's counsel's submission of a 5-page joint letter [Dkt. # 96] that led Mag. Judge Fox to deny her request for time [Dkt. # 98.] ("Docket Entry No. 97 … exceeds the two-page limit for such a. letter that is expressly set forth in the above-noted paragraph 2A. … the relief requested through Docket Entry No. 97 is denied."). Savor participated; Day's errors doomed that request.

costs on Savor to re-do discovery that had already been completed.  To now grant Day leave to file a late Rule 56 motion would be another instance of Day violating the rules and benefitting from it, while also prejudicing Savor.  Indeed, Day's rule violations will already require Savor to serve a second summary judgment filing.  Granting leave would further require it to oppose a motion that Day failed to file in compliance with the plain text of Rule 56(b).  That said, if Day will pay all of those excess fees she has created, we would consent to such a motion.

We oppose any grant of leave for Day to move for summary judgment.  We propose to serve by August 23, receive opposition by September 8, and serve our reply by Sept 23.  Given the matters at stake, Savor respectfully asks permission to file up to 35 pages.

**Day's Position**

Ms. Day believes it would be appropriate for her to move for partial summary judgment in the interest of judicial economy and limiting the issues for trial, including the legal issue of whether under Supreme Court precedent a claim exists, on these undisputed facts, under the Computer Fraud and Abuse Act, as well as several other issues, such as the undisputed failure of Savor to pay Ms. Day all wages commissions and expenses owed.

To limit the number of briefs the Court would have to consider, as Ms. Day proposed (*not* demanded) to Savor/Bratton's counsel, Ms. Day's motion could be made as a cross-motion and in opposition to Savor/Bratton's motion (by September 8th). Savor/Bratton's response would be in opposition to Day's cross motion and reply as to their motion (by September 22nd), and Ms. Day would then file a reply, limited to her cross motion (by October 3rd).  While Day believes (and so indicated) that schedule is the most efficient, alternatively, Ms. Day also indicated to counsel for Savor that she would be prepared to move simultaneously for summary judgment with Savor/Bratton, on or before August 23rd, with simultaneous oppositions on September 8 and simultaneous replies on September 22.

However, counsel for Savor/Bratton refused to consent to any briefing schedule that involved Day making a motion for summary judgment, claiming that Ms. Day is is irredeemably precluded from moving for summary judgment because she had not so moved within 30 days of the previously scheduled November close of discovery.

Of course, as the Court likely recalls, counsel for Savor refused to even participate in preparing a mandatory joint letter seeking to extend that November discovery date, and just went ahead and filed its motion for summary judgment, although it had not yet taken Ms. Day's or her expert's deposition.  Then, based on the rulings of this Court, limited discovery continued until January 31, 2022.  Critically, at the January 3rd conference, I advised the Court that Ms. Day intended to cross-move for summary judgment [Dkt. 109 at 29-30] during the following exchange with the Court:

> THE COURT: Okay. Lastly, Ms. Connolly, were you going to oppose the summary judgment motion?

2

      MS. CONNOLLY: Yes. Yes. I was going to oppose the summary judgment motion and cross-move for summary judgment on -- at least on liability on the wage and hours claims.

      THE COURT: Okay. All right. Why don't we adjourn now. I'll issue an order shortly, and then we'll go from there.

      The Court thereafter issued an order stating that after Mr. Neel advised the Court if Savor/Bratton were going to revise their summary judgment motion after the additional discovery the Court allowed, and the briefing of Savor/Bratton's motion for sanctions, the Court would order further briefing schedules. [Dkt. 106]

      Counsel for Ms. Day believes that the on the record discussion recognized that once Savor took a position of standing on its prior papers versus a renewed filing, she would have the opportunity to cross move.  At the very least, the Court certainly did not preclude a cross motion; given Savor's position, she requests the Court to grant explicit permission to move, or cross-move, for summary judgment based on the above-outlined briefing schedule.

      Regardless of whether leave of court is necessary in this case, leave should be granted because summary judgment is a favored motion that often can, and in this case Day believes, will, substantially limit the issues for trial.  Savor/Bratton's attempt above to prevent Ms. Day's motion by relitigating its motion for sanctions, its debunked claim of prejudice and renewed demand for attorneys fees is just its latest installment in its series of attempts to avoid payment or to setoff the wages, commissions and expenses it owes to Ms. Day, and should be disregarded in its entirety.

Respectfully,

| | |
|---|---|
| */s/ wbn* | */s/Kerry E. Connolly* |
| Wallace Neel | Kerry E. Connolly |

The Court finds that allowing both parties to file motions for summary judgment will serve judicial economy and allow for swifter resolution of the issues in this case.  Accordingly, it sets the following schedule:

**August 23, 2022:** Savor files its renewed motion for summary judgment
**September 8, 2022:** Day files her cross-motion for summary judgment and her opposition to Savor's motion
**September 22, 2022:** Savor files its reply in support of its motion and its opposition to Day's cross-motion
**October 3, 2022:** Day files her reply in support of her cross-motion

Savor's request to file a 35-page brief is granted.  To the extent the parties have future requests regarding page limitations on their subsequent briefs, they shall make those applications to the Court prior to filing those briefs.

Savor's December 13, 2021 motion is denied as moot.  The Clerk of Court is respectfully directed to terminate the motion at Docket 100.

SO ORDERED.

_____
Hon. Ronnie Abrams
August 2, 2022