UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SAVOR HEALTH, LLC,

        Plaintiff/Counterclaim-Defendant,

v.

ANDREA DAY,

        Defendant/Counterclaim Plaintiff.

---

ANDREA DAY,

        Third Party Plaintiff,

v.

SUSAN BRATTON and JOHN/JANE DOES #1-9,

        Third Party Defendants.

No. 19-cv-9798 (RA)

MEMORANDUM
OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

    Pending before the Court is Andrea Day's letter motion urging it to strike the Answer filed by Savor Health, LLC and Susan Bratton (together, "Savor") to Day's Second Amended Counterclaims and Third-Party Complaint. For the foregoing reasons, Day's motion to strike the Answer is denied.

    The Court assumes the parties' familiarity with this case's long and complicated procedural history and will only address facts relevant to the instant motion. On April 19, 2022, Day filed her Second Amended Counterclaims and Third-Party Complaint ("Counterclaims and Complaint"). Savor moved to strike the Counterclaims and Complaint on April 26, 2022. The Court denied Savor's motion on May 12, 2022 and directed Savor to "update the Court as to whether it intends

to rest on its current motion for partial summary judgment, or whether it intends to file an amended motion that addresses the Court's March 31, 2022 ruling and Day's additional claims and allegations." Dkt. 144 at 4. Savor timely informed the Court that it intended to file an amended motion for summary judgment on May 19, 2022, and pursuant to the Court's briefing schedule, Savor moved for partial summary judgment on September 12, 2022. On the same day, Savor filed its Answer to Day's Counterclaims and Complaint. On September 15, 2022, Day moved to strike the Answer.[1] On September 16, 2022, the Court stayed the parties' briefing schedule for cross-motions for summary judgment, and on September 26, 2022, Savor filed an opposition to the motion to strike, to which Day filed a reply on October 1, 2022.

## DISCUSSION

Federal Rule of Civil Procedure 15(a)(3) requires a party to respond to an amended pleading within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later. If a party moves to strike the pleading and the court denies the motion, the responsive pleading is due within 14 days after notice of the court's action. Fed. R. Civ. P. 12(a)(4)(A). Federal Rule of Civil Procedure 6(b)(1)(B), however, provides that courts may accept late filings "on motion made after the time has expired if the party failed to act because of excusable neglect." Excusable neglect is an "elastic concept" that is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392, 395 (1993). The Supreme Court has found the following factors among those relevant to evaluating excusable neglect: "the danger of prejudice to the [non-movant], the length of the delay and its potential

---

[1] In its September 15 letter, Day also sought an order directing Savor to file its Rule 56.1 Statement. Because Savor filed its Rule 56.1 Statement on September 27, 2022, the Court will not address that request.

2

impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 395.

Pursuant to Federal Rule of Civil Procedure 12(a)(4)(A), Savor was required to file a responsive pleading to Day's Counterclaims and Complaint by May 26, 2022, 14 days after the Court's May 12, 2022 order denying its motion to strike. Savor did not file the Answer, however, until September 12, 2022—more than three and a half months later. Nevertheless, the *Pioneer* factors weigh in favor of a finding that Savor's delay constitutes excusable neglect, and the motion to strike Savor's Answer is therefore denied.

The Court first notes that the effect of striking the Answer would be to force Savor into default—an "extreme sanction" that "must remain a weapon of last, rather than first, resort." *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981); *see also Luo v. Baldwin Union Free Sch. Dist.*, 677 F. App'x 719, 720 (2d Cir. 2017) (affirming district's court denial of motion to strike a late answer where "[t]he practical effect of granting [the] motion to strike would have been a default judgment"). Turning to the *Pioneer* factors, the late-filed Answer poses little danger of prejudice to Day. Savor notified the Court on May 19, 2022 that it planned to move for summary judgment in response to Day's Counterclaims and Complaint, thus giving Day notice that it intended to contest the claims in her Counterclaims and Complaint. Moreover, Day herself asserts that Savor's Answer "does not change anything, *i.e.,* it does not substantively change the admissions/denials or affirmative defenses asserted in the prior answer." Dkt. 178 at 2. Day was therefore "apprise[d] … of those allegations in the [Counterclaims and Complaint] that stand admitted and will not be in issue at trial and those that are contested and will require proof to be established to enable [her] to prevail." *Gabilly v. City of New York*, No. 19-CV-11884 (RA), 2021 WL 3667981, at *3 n.3 (S.D.N.Y. Aug. 17, 2021).

Second, even though the length of the delay was considerable, it had no discernable impact on the judicial proceedings. The Court and the parties were aware that Savor intended to move for summary judgment on Day's Counterclaims and Complaint, and the Court had notified the parties that it would set a schedule for briefing on the motion. Day is unable to explain why the delay caused her harm or delayed the judicial proceedings so as to overcome the strong public policy of resolving cases on the merits. *See Canady v. Erbe Elektromedizin GmbH*, 307 F. Supp. 2d 2, 7–8 (D.D.C. 2004) (denying motion to strike answer filed six months late as untimely, where granting motion would "contravene the established policies disfavoring motions to strike … and favoring the resolution of cases on their merits").

Finally, there is no evidence that Savor acted in bad faith. Savor asserts that it "has never been entirely certain that the Answer to Counterclaims was required given the posture of this case and the already-pending summary judgment filing." Dkt. 174. Although Savor was in error and in fact required under the federal rules to file an answer to Day's Counterclaims and Complaint, Savor's uncertainty appears to reflect carelessness rather than an attempt to gain an unfair advantage in this action. *See In re PaineWebber Ltd. P'ships Litig.*, 147 F.3d 132, 135 (2d Cir. 1998) ("Excusable neglect may be found where the relevant circumstances reveal inadvertent delays, mistakes, or carelessness.").[2]

Day also argues that the Answer "improperly 'affirmatively asserts,' and 'affirmatively admits' allegations of misconduct" and is "at complete odds with Rule 8's pleading mandates for answers of 'short and plain' denials" or admissions. Dkt. 178 at 1. Even accepting Day's assertion

---

[2] Day further argues that the Answer should be stricken because Savor should have first filed a motion seeking leave to file a late Answer. While it is true that late filings must be made "on motion" after the time has expired, Fed. R. Civ. P. 6(b)(1)(B), requiring Savor to move to seek leave to file its Answer at this late date would further delay the briefing schedule. The Court will therefore treat Savor's September 26, 2022 letter motion as a motion for leave to file a late answer.

as true, the Court sees no reason to strike the entire answer. Most of the paragraphs of the Answer admit or deny the allegations in the Counterclaims and Complaint. Dkt. 167. To the extent any material in the Answer is immaterial or redundant, it is within the Court's discretion to disregard it. *See, e.g., Grewal v. Cuneo Gilbert & LaDuca LLP*, No. 13-CV-6836 (RA), 2017 WL 1215752, at *16 (S.D.N.Y. Mar. 31, 2017), *aff'd*, 803 F. App'x 457 (2d Cir. 2020) (declining to consider evidentiary submissions rather than striking them on inadmissibility grounds); *see generally FRA S. p. A. v. Surg-O-Flex of Am., Inc.*, 415 F. Supp. 421, 427 (S.D.N.Y. 1976) ("Unless it is clear that the portion of the pleading has no bearing on the subject matter of the litigation and that its inclusion will prejudice the defendant, the [pleading] should remain intact.").

## CONCLUSION

Accordingly, Day's motion to strike the Answer is denied. Day shall file her cross-motion and opposition to Savor's motion for summary judgment by November 29, 2022, Savor shall file its opposition and reply by December 8, 2022, and Day shall file her reply by December 22, 2022. Savor is reminded to be more careful to ensure that it is in compliance with the Federal Rules of Civil Procedure.

SO ORDERED.

Date: November 15, 2022
New York, New York

_____
Hon. Ronnie Abrams
United States District Judge