UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAVOR HEALTH, LLC, <br><br> Plaintiff/Counterclaim-Defendant, <br><br> v. <br><br> ANDREA DAY, <br><br> Defendant/Counterclaim Plaintiff. <br><br> ANDREA DAY, <br><br> Third Party Plaintiff, <br><br> v. <br><br> SUSAN BRATTON and JOHN/JANE DOES #1-9, <br><br> Third Party Defendants. | No. 19-cv-9798 (RA) <br><br> MEMORANDUM OPINION & ORDER |

RONNIE ABRAMS, United States District Judge:

Pending before the Court is a letter motion from Savor Health, LLC and Susan Bratton (together, "Savor") seeking leave to file redacted exhibits to its motion for partial summary judgment. For the reasons explained below, the motion to redact is denied.

**BACKGROUND**

On September 12, 2022, Savor moved for partial summary judgment, attaching to its motion two redacted exhibits, Exhibit L, Dkt. 168-14, and Exhibit N, Dkt. 168-16. Savor did not seek leave to file the documents in redacted form as required by the Court's Individual Rules of Practice in Civil Cases, and instead filed the documents directly on the docket. On September 16, 2022, Defendant and Counterclaim Plaintiff Andrea Day moved to strike the redacted documents,

or in the alternative, order Savor to file the documents in unredacted form. On September 26, 2022, Savor filed a belated motion seeking leave to file the documents in redacted form.[1] The Court held a conference with the parties on November 18, 2022 to discuss Savor's application. Day submitted a letter reply on November 21, 2022, and Savor filed a response on November 28, 2022, attaching a supplemental declaration and two additional exhibits purporting to show the cost to Savor of investigating Ms. Day's access to Savor's computer systems. Day filed a subsequent reply on November 30, 2022.

## DISCUSSION

"The common law right of public access to judicial documents is firmly rooted in our nation's history." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). It is "based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice." *Id*. (internal quotation marks omitted). The public's "access to the proceedings and documents of courts is integral to our system of government" and "it is essential that the people themselves have the ability to learn of, monitor, and respond to the actions of their representatives and their representative institutions." *United States v. Erie Cty., N.Y.*, 763 F. 3d 235, 238-39 (2d Cir. 2014). In light of these considerations, the Court of Appeals for the Second Circuit has articulated a three-part test for evaluating whether documents submitted to a federal court may be sealed. *Lugosch*, 435 F.3d at 119. First, the court must determine whether the documents at issue are judicial documents. *Id*. Second, it must assess the weight of the presumption of public access that attaches to those documents. *Id*. Third, the court must "balance competing considerations against" the presumption of access, such as "the danger of impairing law enforcement or judicial efficiency and the privacy interests of those

---

[1] Counsel for Savor has since stated that it will not be relying on Exhibit N for the purposes of its summary judgment motion, and the instant motion is therefore moot as to Exhibit N.

resisting disclosure." *Id*. at 120 (internal quotation marks omitted). Judicial documents may still be sealed or redacted when doing so is necessary "to preserve higher values and is narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120.

The exhibits submitted in support of Savor's motion for summary judgment are plainly "judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment." *Id.* at 121 (2d Cir. 2006) (finding that documents submitted for consideration in a summary judgment motion are judicial documents). As "documents [used by parties] moving for, or opposing, summary judgment," the exhibits "should not remain under seal absent the most compelling reasons." *Lugosch*, 435 F.3d at 125 (quoting *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982)). The exhibits at issue are directly relevant to Savor's summary judgment motion. As both parties agree, Savor must demonstrate a "loss to 1 or more persons during any 1-year period … aggregating at least $5,000 in value" in order to state a claim under the Computer Fraud and Abuse Act ("CFAA"). 18 U.S.C. § 1030(c)(4)(A)(i)(I)-(V); Dkt. 168-1 at 16; Dkt 183 at 1. According to the September 12, 2022 declaration by Susan Bratton, Exhibit L consists of two invoices from Savor's attorneys in the amounts of $13,365 on September 4, 2019 and $13,185 on October 2, 2019 for "investigat[ing] Day's unauthorized computer access and the damage done thereby," 168-2 ¶ 27, both of which are relevant to the threshold loss amount required pursuant to CFAA, Mot. to Redact at 2. Savor relies on Exhibit L in support of its assertion that it "incurred aggregate legal and technical costs in excess of $5,000" as defined in CFAA, specifically, "as part of its investigation to identify evidence of security breaches by Day." Memo in Support of Summary Judgment Motion, Dkt. 168-1 at 10, 20. The information in the redacted Exhibit L, therefore, is material to the adjudication of the claims in this case.

Notwithstanding the relevance of its submissions, Savor argues that Exhibit L is protected by attorney-client privilege and may therefore be filed in redacted form. According to Savor, the exhibits include the "narrative sections of legal bills and of the bills issued by the lawyers and IT vendor that had been retained immediately after Day was terminated in 2019 to examine Savor's IT systems after it was discovered that Day had accessed them after her firing." Dkt. 174 at 2. Savor points to *Lugosch*, arguing that the attorney-client privilege may rebut the presumption of public access to documents attached to a motion for summary judgment. Dkt. 187.

The Court is not persuaded. Although it is true that the attorney-client privilege may rebut the presumption of access, *Lugosch*, 435 F.3d at 125, the "privilege cannot at once be used as a shield and sword" in order to "prejudice [an] opponent's case or to disclose some selected communications for self-serving purposes," *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991). Indeed, in *Lugosch*, the Second Circuit remanded to the district court to determine whether the defendants had waived the attorney-client privilege by placing privileged information attached to a summary judgment motion "in issue." 435 F.3d at 125; *see also HSH Nordbank AG New York Branch v. Swerdlow*, 259 F.R.D. 64, 74 (S.D.N.Y. 2009) (noting that a party may not assert attorney-client privilege in order to "disclos[e] only self-serving communications," while "barring discovery of other communications that an adversary could use to challenge the truth of the claim"). The unredacted portion of Savor's Exhibit L reveals only the total bill amount without providing any evidence of what portion of the billed hours covered work related to Savor's CFAA claim. And while Savor cites to the total amount listed on the invoice at Exhibit L to assert that it incurred losses of $5,000, the details of the invoice are inscrutable. Thus, by moving to file the exhibits in redacted form, Savor attempts to "rely on its own privileged documents to win summary judgment and … simultaneously [seeks] to prevent disclosure of those documents" insofar as they

4

may be challenged by Day. *Lugosch*, 435 F.3d 110, 125 (2d Cir. 2006); *see also Joy v. North* (finding that, where a party sought to assert attorney-client privilege over its documents in support of its own motion for summary judgment, "the submission of materials to a court in order to obtain a summary judgment utterly precludes the assertion of the attorney-client privilege."); *Diversified Grp., Inc. v. Daugerdas*, 217 F.R.D. 152, 161 n. 7 (S.D.N.Y. 2003) (contrasting "the offensive and selective use of privileged material by the holder of the privilege in order to obtain summary judgment" with other invocations of the privilege). Granting Savor's motion would deprive Day of an opportunity to contest a factual basis upon which Savor's claim rests. The motion must, therefore, be denied.

## CONCLUSION

Accordingly, Savor's motion to redact is denied. The Court respectfully directs the Clerk of Court to strike document numbers 168-14 and 168-16 from the docket but retain the summary docket text for the record.

The parties shall appear for a telephone conference on Tuesday, December 6, 2022 at 2:00 p.m. to discuss next steps in this action. The parties shall use the following dial-in information to call into the conference: Call-in Number: (888) 363-4749, Access Code: 1015508. If that time is inconvenient, the parties shall promptly notify the Court and propose alternative times. The summary judgment briefing schedule is adjourned *sine die*.

SO ORDERED.

Date: December 1, 2022
New York, New York

_____
Hon. Ronnie Abrams
United States District Judge