**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------X

SAVOR HEALTH, LLC,

Plaintiff/Counterclaim-Defendant,                                  **OPINION**
                                                                   **19-CV-9798 (RA) (JW)**

     -v-

ANDREA DAY,

Defendant/Counterclaim-Plaintiff.
------------------------------------------------------X
ANDREA DAY,

Third-Party Plaintiff,

     -v-

SUSAN BRATTON and JOHN/JANE
DOES #1-9

Third-Party Defendants.
------------------------------------------------------X

**JENNIFER E. WILLIS, UNITED STATES MAGISTRATE JUDGE:**

     On February 21, 2023, Plaintiff/Counterclaim Defendant Savor Health LLC

and Third-Party Defendant Susan Bratton (collectively "Savor") together filed a letter

motion requesting a conference on a proposed motion to disqualify Kerry Connolly,

attorney for Defendant/Counter-claim Plaintiff Ms. Andrea Day.  Dkt. No. 202.  On

February 24, 2023, Ms. Day filed a response in opposition.  Dkt. No. 203.

     A conference to address this issue was held on March 30, 2023.

     For the reasons stated on the record and for the reasons that follow, the letter

motion seeking to disqualify Connolly is **DENIED**.

## Background

Savor initiated this suit against Ms. Day alleging misappropriation of trade secrets and of confidential information. Ms. Day counter-sued claiming that the misappropriation suit was retaliation for her engaging in protected activity. The two parties currently have dueling summary judgment motions before District Judge Abrams. The summary judgment motions have been stayed pending the Court's decision on the Motion to Disqualify.

Both Ms. Day and Savor agree that Day's claim of retaliation is central to the countersuit. See Dkt. No. 203 ("…Savor filed this action in retaliation…Savor knew Day was engaging in protected activity…"); Dkt. No. 202 ("Throughout this case….Ms. Day alleged that Savor filed this lawsuit in retaliation…").

On the one hand, Savor contends that the protected activity the retaliation allegation is centered on is a claim for unpaid wages Day filed with the New York State Department of Labor, which Savor maintains it was unaware of. Dkt. No. 202 at 1. On the other hand, Day argues that the "retaliation claims were never limited to allegations that Savor filed this action in retaliation for Day filing a complaint with DOL. The counterclaims allege multiple, other ways Savor knew Day was engaging in protected activity…" Dkt. No. 203.

Savor emphasizes that "Day has now conceded 'on the current state of the record, Day cannot establish that Savor was, in fact, aware of the DOL filing…'" Dkt. No. 202 *citing* Dkt. No. 198, *Counterstatement of Undisputed Fact* 46(g).

Savor says Day, "now posits a new theory: that certain post-termination, pre-filing oral statements made by Ms. Day's lawyer Kerry Connolly, Esq. to former attorney Evan White, Esq. constitute the protected activity for which Savor allegedly retaliated." Dkt. No. 202.

Thus, Savor reasons that Day's retaliation claim is "now based solely on the fact-witness testimony of her attorney of record, Ms. Connolly…" Hence, Savor moves to disqualify Day's attorney, Kerry Connolly, pursuant to the advocate-witness rule. Dkt. No. 202 *citing* Giuffre v. Dershowitz, 410 F. Supp. 3d 564, 578 (S.D.N.Y. 2019)("The advocate-witness rule prohibits an attorney from representing a party where the attorney will be called as a witness…N.Y. R. Prof'l Conduct § 3.7.").

**Legal Standard**

The power to disqualify an attorney is derived from a court's "inherent power to preserve the integrity of the adversary process….and the decision to do so is a matter committed to the sound discretion…" of the Court. See Olajide v. Palisades Collection, LLC, 2016 WL 1448859, at *2 (S.D.N.Y. Apr. 12, 2016)(Furman, J.).

Significantly, disqualification motions are viewed with disfavor because they "are often interposed for tactical reasons, and … even when made in the best of faith, they inevitably cause delay." See Guangcheng Chen v. Matsu Fusion Rest. Inc., 2020 WL 6135764, at *1 (S.D.N.Y. Oct. 16, 2020) (Furman, J.) *citing* Evans v. Artek Sys. Corp., 715 F.2d 788, 792 (2d Cir. 1983).

Due to these concerns, motions to disqualify are viewed with strict scrutiny, "particularly motions based on the witness-advocate rule." See John Wiley & Sons,

Inc. v. Book Dog Books, LLC, 126 F. Supp. 3d 413, 421–22 (S.D.N.Y. 2015)(Gorenstein, M.J.).

In evaluating the Motion, the Court "may consult the disciplinary rules of the American Bar Association and New York State, but such rules are not binding." See Guangcheng Chen v. Matsu Fusion Rest. Inc., 2020 WL 6135764, at *2 (S.D.N.Y. Oct. 16, 2020)(Furman, J.) citing Falk v. Gallo, 901 N.Y.S.2d 99, 100 (2d Dep't 2010).

Rule 3.7(a) of New York's Rules of Professional Conduct addresses the situation where an attorney may be called as a witness:

> A lawyer shall not act as advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact unless:
> (1) the testimony relates solely to an uncontested issue;
> (2) the testimony relates solely to the nature and value of legal services rendered in the matter;
> (3) disqualification of the lawyer would work substantial hardship on the client;
> (4) the testimony will relate solely to a matter of formality, and there is no reason to believe that substantial evidence will be offered in opposition to the testimony; or
> (5) the testimony is authorized by the tribunal.

Disqualification under 3.7 (a) "applies only when the attorney-witness actually serves as trial counsel." See Corrado v. N.Y. State Unified Court Sys., 2014 WL 119407, at *2 (E.D.N.Y. Jan. 10, 2014) citing Murray v. Metro. Life Ins. Co., 583 F.3d 173, 179 (2d Cir. 2009)(Jacobs, C.J.).

Thus, the key to the disqualification inquiry is whether the advocate-witness would need to testify at trial. See Gabayzadeh v. Taylor, 639 F. Supp. 2d 298, 301 (E.D.N.Y. 2009)("the Second Circuit has instructed that disqualification should only be imposed upon a finding that the presence of a particular attorney 'poses a

significant risk of trial taint.'"); Gormin v. Hubregsen, 2009 WL 508269, at *3 (S.D.N.Y. Feb. 27, 2009)(holding that an attorney need not be disqualified from participating in pre-trial proceedings under the witness-advocate rule, "The reality is that at this stage of the litigation, it is impossible to determine…whether he is likely even to be called as a witness…or whether his testimony would or would not be cumulative of other witnesses. Based on such a record, courts in this District commonly deny disqualification motions.") *citing* Stratavest Ltd. v. Rogers, 903 F.Supp. 663, 668 (S.D.N.Y.1995) ("it is too early at this point in the proceeding [i.e., during discovery] to determine [whether counsel's testimony would be necessary]"; McDonald v. Hammons, 129 F.3d 114 (2d Cir.1997) (the need to disqualify counsel "frequently only becomes clear at the conclusion of the underlying litigation.").

Where "only the moving party[1] intends to call the adversary's attorney as a witness, the movant must demonstrate both that the lawyer's testimony is 'necessary' and that there exists a substantial likelihood that the testimony would be prejudicial to the witness-advocate's client." See John Wiley & Sons, Inc. v. Book Dog Books, LLC, 126 F. Supp. 3d 413, 420 (S.D.N.Y. 2015)(Gorenstein, M.J.) *citing* Acker v. Wilger, 2013 WL 1285435 (S.D.N.Y. Mar. 29, 2013)(Furman, J.).

---

[1] At the hearing, Attorney Connolly indicated that she has no plans to testify at trial and that Day would attempt to prove her retaliation claim through other means. Should Connolly reverse course and decide that her testimony would be helpful to her client's case, it is unlikely that she could continue to act as trial counsel. Disqualification would have to be re-evaluated at that point in time.

Thus, the "party seeking disqualification must bear a heavy burden of proof in order to prevail, and mere speculation will not suffice." Gormin v. Hubregsen, 2009 WL 508269, at *2 (S.D.N.Y. Feb. 27, 2009)(Gardephe, J.).

## Analysis

Therefore, to disqualify Day's attorney, Savor must prove that the attorney's testimony is 1) necessary for trial and 2) prejudicial not to Savor, but rather, to *the witness-advocate's client*: here Ms. Andrea Day.

**Necessity**

When considering the "necessity" prong of the disqualification inquiry, "a court should examine factors such as the significance of the matters, weight of the testimony, and availability of other evidence." See John Wiley & Sons, Inc. v. Book Dog Books, LLC, 126 F. Supp. 3d 413, 421–22 (S.D.N.Y. 2015)(Gorenstein, M.J.).

"For purposes of considering a disqualification motion, the Court's inquiry does not focus on whether the attorney possesses discoverable knowledge, but rather whether trial of the case will in fact require his testimony." See John Wiley & Sons, Inc. v. Book Dog Books, LLC, 126 F. Supp. 3d 413, 421–22 (S.D.N.Y. 2015)(Gorenstein, M.J.); Fenn & Fenn, Inc. v. MacQueen, 1989 WL 58041, at *8 (S.D.N.Y. May 19, 1989)(Haight, J.)("[N]o disqualification should occur until it is apparent the attorney's testimony is itself admissible and necessary."); Purgess v. Sharrock, 33 F.3d 134, 144 (2d Cir.1994)(Pratt, J.)( "Disqualification may be required only when it is likely that the testimony to be given by [counsel] is necessary.").

Importantly, "where counsel's testimony would be merely cumulative of testimony provided by others, disqualification is not appropriate." See Finkel v. Frattarelli Bros., 740 F. Supp. 2d 368, 375 (E.D.N.Y. 2010)(Bianco, J.).

Here, the counterclaims allege "other ways Savor knew Day was engaging in protected activity and retaliating, including: 1) Day's personal complaint of non-payment of her wages to Savor directly, 2) Savor's ever-increasing threats of litigation accusing Day of illegal conduct, and 3) the express discussions and emails regarding wage and hour violations between Connolly and Savor's original counsel in this dispute, Evan White." See Dkt. No. 203.

If Ms. Day wishes to base her case on these arguments, without the aid of Connolly's testimony, it is her prerogative to do so.

Indeed, it appears that Savor itself submitted into evidence timesheets reflecting discussions between White and Connolly along with the emails themselves. Dkt. No. 168-14 and Dkt. No. 168-23 at 51-53.[2]

It is, frankly, puzzling that Savor denies knowledge of conversations that Savor itself submitted into evidence.

---

[2] Judge Abrams denied Savor's request to redact Dkt. No. 168 and thus ordered that the redacted copies be stricken from the docket due to the failure to request prior permission to redact. See Dkt. No. 189, ("Accordingly, Savor's motion to redact is denied. The Court respectfully directs the Clerk of Court to strike document numbers 168-14 and 168-16 from the docket but retain the summary docket text for the record.").  Because even the redacted portions of the timesheets could theoretically provide circumstantial evidence of knowledge, Day asserts that she intends to subpoena these documents for use at trial. Thus, the possibility that these documents could be used as support for the retaliation claim at trial is relevant to the question of whether Connolly's testimony is strictly "necessary" to trial. Thus, these documents will be considered by the Court in evaluating the Motion to Disqualify.

Ms. Day asserts that Savor's former attorney, Evan White, would substantiate conversations that appear to have occurred between White and Connolly. Savor contended at the hearing that Mr. White has not been deposed, and that there is no concrete information on what White would say about the alleged conversations. It is thus unclear whether his testimony would support or contradict the circumstantial evidence of the timesheets and the emails. As White may, or may not, substantiate the conversations, at this time, Connolly's testimony is only a mere possibility, it is not a strict necessity.

Most importantly, Savor has an outstanding summary judgment motion seeking to dismiss the retaliation claims. Dkt. No. 168. If Savor prevails on dismissing the retaliation claims, Connolly's testimony would be irrelevant. There would be no reason why Ms. Day should be denied the opportunity to have the attorney of her choice defend her from any remaining misappropriation claims at trial.

In order to disqualify Connolly *now*, Savor must establish that her testimony will be necessary *at trial*. The cases cited by Savor either relied upon DR 5-102, a repealed regulation, see Lamborn v. Dittmer, 873 F.2d 522 (2d Cir. 1989), or were cases where the disqualification motion was brought instantly upon the filing of the Complaint, eliminating the prejudice to the advocate-witness client. See Giuffre v. Dershowitz, 410 F. Supp. 3d 564, 581 (S.D.N.Y. 2019) *citing* Gorbaty v. Wells Fargo Bank, N.A., 2011 WL 318090, at *3 (E.D.N.Y. Feb. 1, 2011)(disqualification motion brought following initial conference) and Gleason v. Zocco, 941 F. Supp. 32, 36

(S.D.N.Y. 1996) (noting that granting a motion to disqualify "immediately after the action was commenced" would make "prejudice to plaintiff of having to change counsel ... insignificant"). Here, unlike in <u>Giuffre</u>, <u>Gorbaty</u>, or <u>Gleason</u>, the litigation is at a more advanced stage, and the parties have both already moved for summary judgment.

Therefore, it is both too late to instantly disqualify, and too early to disqualify based on speculation Connolly may need to testify at trial. <u>See e.g.</u> <u>Rosefield v. Orentreich</u>, 1998 WL 567750, at *5–6 (S.D.N.Y. Sept.4, 1998)(Griesa, J.) (denying motion to disqualify where it was not clear that case would proceed to trial or that counsel would be called to testify as, "too much remains unknown.").

Thus, Savor has not established that Connolly's testimony is necessary at this time.

**Prejudice**

Courts must guard against the tactical use of disqualification motions. <u>See</u> <u>Murray v. Metro. Life Ins. Co</u>., 583 F.3d 173, 179 (2d Cir. 2009)(Jacobs, C.J.). The movant, therefore, "bears the burden of demonstrating specifically how and as to what issues in the case the prejudice may occur and that the likelihood of prejudice occurring to the *witness-advocate's* client is substantial." <u>Id</u>. (Emphasis Added).

"Prejudice" in this context means testimony that is "sufficiently adverse to the factual assertions or account of events offered on behalf of the client, such that the bar or the client might have an interest in the lawyer's independence in discrediting that testimony." <u>Id</u>. at 178.

Importantly, it is not prejudice to the moving party that is relevant, but rather, the purpose of the advocate-witness rule requires a moving party to show prejudice to *the advocate-witness client*. <u>See generally</u> <u>Murray v. Metro. Life Ins. Co.</u>, 583 F.3d 173, 179 (2d Cir. 2009)(Jacobs, C.J.).

Savor has offered no reasons to believe that Connolly's testimony, even if it were necessary, would be adverse to the assertions of her client, Ms. Day. Given that there is no conflict between their accounts, it is highly unlikely that any such testimony would be prejudicial to Ms. Day.

Finally, Ms. Day's desire to keep Ms. Connolly as her attorney, plainly evidenced by her position on this motion, "militates strongly against a finding of prejudice." <u>See</u> <u>Murray v. Metro. Life Ins. Co.</u>, 583 F.3d 173, 180 (2d Cir. 2009)(Jacobs, C.J.). "Parties have a well-recognized and entirely reasonable interest in securing counsel of their choice." <u>Id</u>.

Thus, Savor has failed to carry its heavy burden with respect to the prejudice prong as well.

## Conclusion

For the reasons stated above, Savor has failed to prove that Ms. Day's attorney's testimony is either necessary or substantially likely to prejudice Ms. Day. Thus, the letter motion seeking to disqualify Kerry Connolly is **DENIED**.

The parties shall confer and provide Judge Abrams with a proposed briefing schedule for summary judgment **by April 17, 2023.**

10

SO ORDERED.

Dated: New York, New York
         April 6, 2023

_____
JENNIFER E. WILLIS
United States Magistrate Judge