USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/30/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAVOR HEALTH, LLC,

Plaintiff,

-against-

ANDREA DAY,

Defendant.

19-CV-09798 (MMG)

ANDREA DAY,

Third-Party Plaintiff,

-against-

SUSAN BRATTON, et al.,

Third-Party Defendants.

**ORDER ADOPTING REPORT AND RECOMMENDATION**

MARGARET M. GARNETT, United States District Judge:

This case, involving a dispute between an employee and her former employer with a recovery value, in the parties' own estimation, of not much more than $100,000, has been hotly litigated for over six years. On February 8 and March 15, 2024, the parties and their counsel attended a settlement conference with Magistrate Judge Jennifer Willis, at which it appeared a settlement was reached for Third-Party Defendants Savor Health LLC ("Savor") and Susan Bratton to pay Third-Party Plaintiff Andrea Day $90,000 in full satisfaction of all claims. On April 25, 2025, with the settlement still not consummated, Day moved to enforce the settlement agreement and have any portion attributable to her Fair Labor Standards Act ("FLSA") claims approved for fairness under *Cheeks v. Freeport Pancake House*. Dkt. No. 252. Savor and

Bratton opposed the motion, arguing that no enforceable settlement was reached and thus there was no need for *Cheeks* approval. Dkt. No. 260. The motion was referred to Judge Willis for a Report & Recommendation ("R&R"), which was issued on December 29, 2025, and recommended granting the motion to enforce the settlement agreement and approving it as fair under *Cheeks*. Dkt. No. 269.

Savor and Bratton filed objections to the R&R, raising essentially the exact same arguments made in opposing the motion to enforce. Dkt. No. 270 ("TPD Obj."); *compare id.* at p. i *with* Dkt. No. 260 at p. i. Day also filed objections to the R&R, limited to seeking pre-judgment interest from April 1, 2024 on the amount of the settlement, and clarification that the settlement was enforceable against both Savor and Bratton. Dkt. No. 271 ("Day Obj."). For the reasons set forth below, the R&R is adopted in its entirety and the settlement agreement is enforceable against Savor and Bratton.

**DISCUSSION**

The facts of the immediate dispute are straightforward.[1] On February 8 and March 15, 2024, the parties and their counsel attended a settlement conference with Judge Willis. R&R at 2–3. At the end of the second session, Judge Willis made a mediator's proposal to settle all claims against all parties for a payment of $90,000 from Savor and Bratton to Andrea Day. *Id.* Unlike some settlements, this one was simple: an exchange of $90,000 for dismissal of the entire case.[2] The proposal was accepted orally by all parties, with only the precise timing of payment

[1] Savor and Bratton dispute some of these facts, but given Judge Willis' personal involvement in the settlement discussions, as well as her intimate knowledge of the parties and issues from the lengthy and contentious litigation in this matter, and the Court's own review of the record, the Court credits Judge Willis' factual conclusions.

[2] In other words, Savor and Bratton would dismiss their claims and pay $90,000 to Andrea Day, and in exchange Ms. Day would dismiss all of her claims.

left open. *Id.* Because the settlement was, at least in part, a settlement of FLSA claims, court approval was required for fairness under *Cheeks*. Over the course of the next year, the parties regularly provided confidential updates to Judge Willis on the status of consummating the settlement. *See* Dkt. Nos. 239, 241, 243, 247. Yet, as of the conference held before Judge Willis on March 26, 2025, a specific schedule for payment of the $90,000 had not been set and neither Savor nor Bratton had made any payments under the oral settlement agreement; in light of these circumstances, Day requested a briefing schedule on a motion to enforce the oral settlement agreement. Dkt. No. 249. The briefing and the R&R followed.

## I. STANDARD OF REVIEW

A district court reviewing a report and recommendation addressing a dispositive motion "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also Bradley v. Comm'r of Soc. Sec.*, No. 12-CV-07300 (ER), 2015 WL 1069307, at *1 (S.D.N.Y. Mar. 11, 2015) (same).[3] Under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2), parties may submit objections to the Magistrate Judge's report and recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). When a party submits timely and specific objections to a report and recommendation, the district court is required to make a *de novo* determination of those portions of a report to which objection is made, 28 U.S.C. § 636(b)(1)(C), by reviewing "the Report, the record, applicable legal authorities, along with [the] objections and replies." *Bandhan v. Lab. Corp. of Am.*, 234 F. Supp. 2d 313, 316 (S.D.N.Y. 2002).

[3] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes and omissions, and adopt alterations.

The district court "may adopt those portions of the . . . report to which no 'specific written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Eisenberg v. New England Motor Freight, Inc.*, 564 F. Supp. 2d 224, 226 (S.D.N.Y. 2008) (quoting Fed. R. Civ. P. 72(b)(2)); *see also Alverio v. Colvin*, No. 13-CV-04722, 2015 WL 1062411, at *1 (S.D.N.Y. Mar. 9, 2015) ("When the parties make no objections to the [r]eport [and recommendation], the [c]ourt may adopt [it] if 'there is no clear error on the face of the record.'" (quoting *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005)).

## II. THIRD-PARTY DEFENDANTS' OBJECTIONS

The Third-Party Defendants' objections almost entirely reiterate the same arguments that they made to Judge Willis in opposition to the motion and that Judge Willis rejected. Nonetheless, the Court has carefully reviewed *de novo* the objections and Day's opposition to the objections, the record, the applicable legal authorities, and the R&R, and concludes, for substantially the reasons stated in Judge Willis' thorough R&R, that Savor and Bratton's objections are without merit.

Judge Willis correctly applied the factors under *Winston v. Mediafare Ent. Corp.*, 777 F.2d 78 (2d Cir. 1985), to conclude that the oral settlement agreement was enforceable. In objecting to that conclusion, Third-Party Defendants first argue that Judge Willis erred on the first *Winston* factor because Bratton expressly reserved the right not to be bound absent a writing. TPD Obj. at 4–5. But that argument is based on a factual claim about Bratton's conduct that Judge Willis, who was present and actively participating in the settlement conference, rejected as unfounded.

As to the second *Winston* factor (partial performance), which Judge Willis found to be neutral, Third-Party Defendants claim that factor should have weighed against enforcement. *Id.* at 5–6. But the objection is entirely conclusory; if anything, Judge Willis could have found this factor weighed slightly *in favor* of enforcement, because the settlement agreement was so simple that there was no partial performance to be had by Day. An agreed sum of money was to be paid and the case was to be dismissed in its entirety. The lack of any possible partial performance highlights that the agreement made at the settlement conference was the essence of the entire agreement. In any event, the Court agrees with Judge Willis that, at worst, the factor is neutral in this case.

As to the third *Winston* factor, agreement on all material terms, Third-Party Defendants object that Judge Willis should have considered the timing of payment a material term that was left to be negotiated. *Id.* at 6–11. This repeats the argument they made in their opposition to the motion to enforce. The Court agrees with Judge Willis that under the facts of this case, the specific timing and split of payments was a question of the manner of performance of an agreement already made, rather than an indication that no agreement had been reached.[4]

Even if the Court disagreed with Judge Willis on that point, however, the Third-Party Defendants are still not correct. Third-Party Defendants rely heavily on the correspondence after the settlement conference in which Day's counsel requested payment, then Savor and Bratton's counsel countered with a lengthy installment plan, and then Day's counsel countered with a request for a confession of judgment or other collateral from Bratton personally before agreeing

[4] This point similarly addresses Third-Party Defendants' argument that Judge Willis failed to sufficiently account for the claimed "funding contingency" asserted by Third-Party Defendants. *See* TPD Obj. at 12; Dkt. No. 260 at 9. But Judge Willis need not credit Third-Party Defendants' after-the-fact claims, when she was a direct participant in the events at issue, and in any event the Court agrees with Judge Willis that this is not properly viewed as a condition precedent, but rather a question of the particular timing of payment for an agreed-upon sum.

to any installment plan. But the facts of this case (crediting Judge Willis over Third-Party Defendants for the reasons noted above) equally support a conclusion that this correspondence was not an indication of material terms left open and a lack of meeting of the minds, but rather an effort by Savor and Bratton to seek a modification of the simple agreement that had been reached at the settlement conference (to wit, payment of $90,000 to Day within a reasonable time in exchange for dismissal of the entire case). Under New York law, parties may modify a contract "by another agreement, by course of performance, or by conduct amounting to a waiver or estoppel." *CT Chems. (U.S.A.) Inc. v. Vinmar Impex, Inc.*, 613 N.E.2d 159, 162 (N.Y. 1993). Here, Day's counsel never accepted the attempted modification to a lengthy installment plan, Third-Party Defendants likewise did not accept the counter-modification offer of a confession of judgment or other collateral to secure the installment payments, and the original agreement thus stands.

Both interpretations are supported by the Third-Party Defendants' conduct during the year between the agreement being reached and Day finally, in frustration, moving to enforce. At no point did Third-Party Defendants repudiate the agreement, say that there was no agreement, or other similar manifestations of a lack of assent. *See* R&R at 8–10. Rather, they continued to assert that they intended to pay, they just needed more time. *Id.* Taking all of the circumstances into account, the Court agrees with Judge Willis that the third *Winston* factor weighs in favor of enforcement.

Finally, the fourth *Winston* factor is whether the agreement is the type of agreement typically reduced to writing. There is no dispute that, here, the parties did not execute a formal writing, nor read the terms of the agreement into the record in open court. R&R at 10. However, as Judge Willis notes, since the *Winston* factors are intended to determine if a settlement

agreement is binding even in the absence of a formal written and executed agreement, it would be a strange kind of test if this fourth factor always favored non-enforcement in the absence of a writing. R&R at 10–11 (citing *Hostcentrics Techs., Inc. v. Republic Thunderbolt, LLC*, No. 04-CV-01621 (KMW) (AJP), 2005 WL 1377853, at *9 (S.D.N.Y. June 9, 2005). The issue is particularly salient here because some portion of the claims being released were claims under the Fair Labor Standards Act, and as such the settlement would have required court approval under *Cheeks v. Freeport Pancake House*. In the R&R, Judge Willis extensively analyzed the competing case law in this Circuit on how the need for *Cheeks* approval intersects with the *Winston* factors and concluded that under the facts of this case, this factor weighs in favor of enforcement because *Cheeks* approval is intended to protect FLSA plaintiffs from potential abuse in settlement, either by defendants or by unscrupulous lawyers, particularly in FLSA collective actions where numerous workers who may not have been named plaintiffs or participated actively in the case might be affected. *See* R&R at 12–13. Moreover, Judge Willis relied on her extensive first-hand knowledge of the case, its history, and the participants to assess what portion of the agreed-upon settlement was fairly attributable to the FLSA portion of Day's claims, and found that assessment further counseled in favor of enforcement under the fourth *Winston* factor. *Id.* at 14–15.

In their objections, the Third-Party Defendants mischaracterize the R&R as acknowledging the "complex" nature of the settlement, TPD Obj. at 11, but nothing could be further from the truth. Judge Willis repeatedly describes the relatively simple and straightforward nature of the settlement in this case, despite the tortured nature of the litigation, relying on her deep personal engagement in both the discovery disputes during litigation and the multi-stage settlement negotiations. The objection otherwise does not raise any specific

objection or issue, other than to assert that Judge Willis erred in "not weighing this factor decisively against enforcement." *Id.* Despite the wholly non-specific objection, the Court has reviewed the issue *de novo* and concludes that Judge Willis' legal analysis is correct, and that even if the Court might view this factor as neutral (rather than Judge Willis' view that it weighs in favor of enforcement), that does not change the ultimate outcome in favor of enforcement, and certainly does not support the Third-Party Defendants' view that Judge Willis erred in any meaningful way, or that this factor should weigh against enforcement.

In sum, with two factors in favor of enforcement and two factors neutral at worst (if not slightly favoring enforcement), the Court agrees with Judge Willis that the settlement agreement is enforceable.

## III. DAY'S OBJECTIONS

Day objects to the R&R's finding that any prejudgment interest should run only from the date the motion to approve the settlement under *Cheeks* is granted, R&R at 16, and seeks clarification that the enforcement decision binds both Savor and Bratton. Day Obj. at 4–5. Third-Party Defendants oppose both requests. Dkt. No. 275 at 5–8.

First, the R&R identified the lack of any caselaw specific to prejudgment interest in the settlement enforcement context, and also the concern that the specific obligation to pay might not begin until the settlement had been approved under *Cheeks*. R&R at 16. Neither of these deficiencies were addressed in the objections. Having reviewed the R&R, the record, and the parties' objections, the Court agrees with Judge Willis that the better view is that prejudgment interest is not owed under the circumstances of this case.

Second, the settlement agreement is clearly enforceable against both Savor and Bratton and that is implicit in the R&R. The Third-Party Defendants argue that Day has not contended

that Bratton personally agreed to anything. TPD Obj. at 12–13. Even if that contention were correct (which seems unlikely, given Judge Willis' close firsthand familiarity with the events of this case), Day's objection lays out in detail the evidence supporting joint and several liability against both Third-Party Defendants. Day Obj. at 5–6. Third-Party Defendants' only response is a factual assertion that Bratton never personally agreed—an assertion that is not supported by the record and which the Court need not credit after the fact. *See* Dkt. No. 275 at 7. The Court's own review of the record, the findings of the R&R, and the parties' objections supports a conclusion that the settlement agreement imposes a liability on both Third-Party Defendants, jointly and severally.

## IV. THE SETTLEMENT IS APPROVED AS FAIR UNDER *CHEEKS*

No party has objected to the R&R's findings regarding the fairness of the settlement under *Cheeks v. Freeport Pancake House*, R&R at 16–21. Accordingly, the Court's review is only for clear error and a review of the record and the R&R reveals none. That portion of the R&R is adopted and the settlement is approved for fairness under *Cheeks*.

## CONCLUSION

For the foregoing reasons, the R&R is ADOPTED and Day's Motion to Enforce and Approve the Settlement Agreement is GRANTED IN FULL. The Clerk of Court is respectfully directed to terminate Dkt. No. 252 and CLOSE this case.

The Court will retain jurisdiction to enforce the parties' settlement agreement, consistent with this Opinion.

Dated: September 30, 2026
New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge